**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Allen Wollner,<br><br>　　　　　Appellant,<br><br>v.<br><br>Spanish Hills Condominium Association,<br><br>　　　　　Appellee. | No. CV-21-00439-PHX-SMB<br><br>**ORDER** |

Pending before the Court are a number of motions filed by the parties to this Bankruptcy appeal. These include Appellant Robert Wollner's ("Mr. Wollner") Motion for Judgment Against HOA, (Doc. 15), which Appellee Spanish Hills Condominium Association's ("SHCA") has moved to strike. (Doc. 18.) Mr. Wollner has also filed a Motion to Cancel the Sherriff's Sale, (Doc. 20), which SHCA has also moved to strike. (Doc. 23.) Additionally, SHCA moved to dismiss the appeal for procedural defect on May 25, 2021. (Doc. 17.)

**I. MOTIONS TO STRIKE**

"In bankruptcy matters, federal district courts sit as appellate courts, and a district judge's job is analogous to that of an appellate court." *Ki Chang Park v. Gebben*, No. C12-296 RAJ, 2013 U.S. Dist. LEXIS 14150, at *6 (W.D. Wash. Feb. 1, 2013) (citing *In re C. S. Crawford & Co.*, 423 F.2d 1322, 1325 (9th Cir. 1970); 28 U.S.C. § 158(c)(2)). "It is well-settled that issues raised on appeal are limited to those addressed below." *Id.* (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)). Further, the Court will not consider

issues not properly raised in the appeal. In the present case Plaintiff's Motion for Judgment Against HOA, (Doc. 15) and Motion to Cancel the Sherriff's Sale, (Doc. 20) concern issues unrelated to the order which Plaintiff has appealed. As such both motions are struck.

## II. DEFENDANT'S MOTION TO DISMISS.

If an appellant fails to adhere to the guidelines for filing a bankruptcy appeal, a reviewing court may take any measures that it deems appropriate, including dismissal of the appeal. See *In re Pei Ti Tung*, C04-2194L, 2005 U.S. Dist. LEXIS 48294, 2005 WL 2001918, at *1 (W.D. Wash. Aug. 17, 2005); Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal ... is ground ... for such action as the district court...deems appropriate, which may include dismissal of the appeal.").

On May 25, 2021, Defendant filed a Motion to Dismiss for Lack of Jurisdiction with the Court (Doc. 17.) Plaintiff has not yet filed a response to this motion with the Court. Because Plaintiff is acting *pro se* in this matter, the Court advises Plaintiff of the following:

### A. Rule 7.2(i) Cautionary Notice

LRCiv 7.2(i) states in relevant part: "[I]f the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." *See Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994). Plaintiff should take notice that failure to respond to Defendant's Motion by the deadline set forth in this Order will result in the Court deeming Defendant's Motion as being unopposed and consented to by Plaintiff. *See Id.* (affirming the district court's summary granting of a motion for summary judgment under Local Rule 7.2(i) when non-moving party was given express warning of consequences of failing to respond).

It is Plaintiff's obligation to timely respond to all motions. Defendant's Motion will be summarily granted if Plaintiff fails to respond in accordance with the provisions of this Order.

### B. Rule 41 Cautionary Notice

Plaintiff should also take notice that if he fails to timely comply with every provision of this Order, or any other Order of the Court entered in this matter, Plaintiff's Complaint and this action may also be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that the district court may dismiss an action for failure to comply with any order of the court), *cert denied*, 506 U.S. 915 (1992). Therefore, Plaintiff is warned that failure to strictly adhere to the provisions of this or any other Court Order may result in dismissal of the Plaintiff's Complaint pursuant to Rule 41.

The Court also advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "For Those Proceeding Without an Attorney."

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Judgment Against HOA, (Doc. 15), and Motion to Cancel the Sherriff's Sale, (Doc. 20), are struck.

**IT IS FURTHER ORDERED** that Plaintiff shall file with the Clerk of the Court and serve on opposing counsel a responsive memorandum to Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 17) no later than August 17, 2021.

**IT IS FURTHER ORDERED** that the Motion shall be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

Dated this 10th day of August, 2021.

Honorable Susan M. Brnovich
United States District Judge